SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Assistant United States Attorney
Chief, Civil Division

450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102-3495
Telephone: (415) 436-6855
Facsimile:  (415) 436-6748

Attorneys for Federal Defendant
Library of Congress Copyright Office

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LONNELL B. WORTHY, ) | Case No. C 07-5736 CRB |
| Plaintiff, ) | |
| v. ) | **FEDERAL DEFENDANT'S MOTION TO DISMISS** |
| LIBRARY OF CONGRESS COPYRIGHT OFFICE ) | Date: January 4, 2008 Time: 10:00 a.m. |
| Defendant. ) | Ctrm: 8, 19th Fl. |

**I. NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on Friday, January 8, 2008, at 10:00, federal defendant Library of Congress Copyright Office, appearing specially, will and hereby does ask the Court to dismiss plaintiff's action against the United States pursuant to FRCP 12(b)(1) on the grounds that the Court lacks subject matter jurisdiction over the action and pursuant to FRCP 12(b)(6) on the grounds that the action fails to state a claim upon which relief can be granted.[1/]  This motion will be heard in Courtroom 8 , 450 Golden Gate Ave., San Francisco by the Honorable Charles R. Breyer.

//

---

[1/] Plaintiff has not complied with the requirements of FRCP 4(i) regarding service on a federal agency.
 In light of the deficiencies in the complaint, the federal defendant requests that the motion be submitted on the papers and without oral argument.  L.R. 7-1(b).

Def.'s Mtn to Dismiss
C 07-5736 CRB                                               -1-

This motion is based on this motion, the memorandum filed in support of the motion, and the pleadings on file herein.

## II. RELIEF REQUESTED

The federal defendant asks the Court to dismiss this case for lack of subject matter jurisdiction and failure to state a claim against the federal defendant.

## III. INTRODUCTION

Plaintiff Lonnell Worthy filed a complaint against the Library of Congress Copyright Office . In his complaint, plaintiff has not alleged a waiver of sovereign immunity by the federal government which would allow him to sue it for damages. Neither has he alleged any acts by the Copyright Office that have given rise or could give rise to a claim for monetary damages against the federal government.

The federal defendant asks the court to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. This dismissal should be with leave for plaintiff to file an amended complaint setting forth the court's jurisdiction and the factual and legal basis for his claims against the federal defendant.

## IV. STATEMENT OF FACTS

On March 13, 2007 plaintiff Lonnell B. Worthy filed a complaint against the Library of Congress Copyright Office in the San Francisco Superior Court. The complaint was filed on a form complaint for breach of contract. Plaintiff did not allege any facts or claims in the complaint. Indeed, the only boxed checked by plaintiff on the form complaint was one entitled "other" under his prayer for relief. Plaintiff wrote the words "copyright property" next to that box. See Complaint, ¶ 10. Neither did plaintiff attach to the complaint a copy of any alleged contract with the federal defendant.

Plaintiff also filed a Civil Case Cover Sheet form, on which he checked the box for "Other Employment" and wrote in "checks" to describe this case. He did not identify the case as one involving a contract.

The federal defendant removed the action to federal court pursuant to 28 U.S.C. §§ 1441(a), 1441(b), 1441(f), and 1442(a)(1).

//

# V.  THE COURT LACKS SUBJECT MATTER JURISDICTION.

## A.     The Legal Standard

Dismissal is appropriate under Rule 12(b)(1), Fed. R. Civ. P. when the Court lacks subject matter jurisdiction over the claim. Federal subject matter jurisdiction must exist at the time the action is commenced. Morongo Band of Mission Indians v. California Board of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1989). A Rule 12(b)(1) motion may either attack the sufficiency of the pleadings to establish federal jurisdiction, or allege a lack of jurisdiction that exists despite the formal sufficiency of the complaint. Thornhill Publishing Co., Inc. v. General Tel. & Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979); Roberts v.Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987). A federal court is presumed to lack subject matter jurisdiction until the contrary affirmatively appears. Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

## B.  Plaintiff Has Not Alleged Any Waiver of Sovereign Immunity that Would Allow Him to Sue a Federal Defendant.

It is well settled that "the United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" Lehman v. Nakshian, 453 U.S. 156, 160(1981). This immunity extends to agencies of the United States as well.

Plaintiff has sued a federal defendant – namely, the Library of Congress Copyright Office. He has not alleged any waiver of sovereign immunity that would allow him to sue a federal agency, official or employee. The court should dismiss this action for failure to establish federal jurisdiction.

# VI.    THE COURT SHOULD DISMISS PLAINTIFF'S CASE BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

## A.     The Legal Standard

A court should grant a motion to dismiss under Rule 12(b)(6) when a plaintiff's complaint does not provide grounds establishing that he is entitled to relief. See Bell Atlantic Corp. v. Twombly, 127 S. Ct 1955, 1964 (2007). Allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. See Vasquez v. Los Angeles County, 487 F.3d 1246, 1249 (9th Cir.), petition for cert. filed, 76 USLW 3189 (Sept. 26, 2007). Nonetheless, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure

to state a claim. See id. Similarly, "[f]actual allegations must be enough to raise a right to relief above the speculative level." See Bell Atlantic Corp., 127 S.Ct. at 1965.

**B.    Plaintiff Has Not Alleged Any Acts by the Federal Defendant that State a Claim for Relief.**

Plaintiff has not alleged any acts by the federal defendant in his complaint let alone facts that could state a claim for relief against the defendant.

The court should dismiss the complaint with leave for plaintiff to attempt to allege facts that could state a claim for relief against the federal defendant.

### VII.  CONCLUSION

Plaintiff has not alleged a jurisdictional basis for him to sue a federal agency. Neither has he alleged any facts at all regarding his interaction with the federal defendant or any facts that could give rise to any claim against that defendant. The Court should dismiss plaintiff's action pursuant to FRCP 12(b)(1) and (6). This dismissal should be with leave for plaintiff to amend his complaint within 30 days.

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney


Dated: November ___ 2007        By:     _____
                                        JOANN M. SWANSON
                                        Assistant United States Attorney

Def.'s Mtn to Dismiss
C 07-5736 CRB                           -4-

**CERTIFICATE OF SERVICE**

<u>**Worthy v. Library of Congress Copyright Office**</u>
**C 07-5736 CRB**

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

**Federal Defendant's Motion to Dismiss**

to be served this date upon the party in this action by placing a true copy thereof in a sealed envelope, and served as follows:

_X_ FIRST CLASS MAIL by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____ CERTIFIED MAIL (# ) by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____ PERSONAL SERVICE (BY MESSENGER)

____ FEDERAL EXPRESS via Priority Overnight

____ EMAIL

____ FACSIMILE (FAX)

to the party(ies) addressed as follows:

Lonnell B. Worthy, Pro Se
7401 Arthur Street
Oakland, CA 94605
PH: 415.410.6659    FX: 510.430.8952
Email:

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this November 16, 2007 at San Francisco, California.

                               ____/s/_____
                                LILY HO-VUONG
                                Legal Assistant