IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNELL B WORTHY,<br><br>    Plaintiff,<br><br>  v.<br><br>LIBRARY OF CONGRESS COPYRIGHT OFFICE,<br><br>    Defendant.                          / | No. C 07-05736 CRB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

      Plaintiff Lonnell Worthy filed a complaint in state court against the Library of Congress Copyright Office. The Copyright Office removed to federal court and now moves to dismiss for lack of subject matter jurisdiction and for failure to state claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(1); id. 12(b)(6).

      Although Worthy's complaint includes a prayer for relief in the form of "copyright property," it does not set forth any underlying facts supporting his claim or identify particular causes of action. Worthy filed a Civil Case Cover Sheet form, on which he described the case as involving employment-related issues that concern "checks."

      The Copyright Office argues that the case must be dismissed pursuant to Rule 12(b)(1) because Worthy has not alleged any waiver of sovereign immunity that would allow him to sue a federal defendant. See Cervantes v. United States, 330 F.3d 1186, 1188 (9th Cir. 2003) ("The United States can be sued only to the extent that it waives its sovereign immunity from suit."). In addition, the Copyright Office moves to dismiss pursuant to Rule

1  12(b)(6) because Worthy has not alleged any facts that would support a cause of action. See
2  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001) (holding that dismissal is proper where
3  there is "an absence of sufficient facts alleged to support a cognizable legal theory").

4　　At this point, the Court cannot determine whether the government has waived its immunity from suit because it is unclear what the relevant facts are and what the plaintiff is alleging. Therefore, the Court cannot yet rule on the government's motion to dismiss under Rule 12(b)(1). Nonetheless, the Court agrees with the government that Worthy's complaint, as currently pled, fails to set forth sufficient facts to support a cognizable legal theory. Accordingly, the plaintiff's complaint is dismissed without prejudice. The plaintiff can cure the pleading defect by amending his complaint to set forth "a short and plain statement of the grounds upon which the court's jurisdiction depends," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The amended complaint should sufficiently describe the factual circumstances that form the basis of the plaintiff's suit and should be filed no later than January 25, 2008.

　　The plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. The hearing scheduled for January 4, 2008 is VACATED. **IT IS SO ORDERED.**

Dated: December 21, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

2